J-A30013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY M. MORALES-CASTRO, | |
| Appellant | No. 2110 EDA 2013 |

Appeal from the Judgment of Sentence May 30, 2013
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0002781-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY M. MORALES-CASTRO, | |
| Appellant | No. 2111 EDA 2013 |

Appeal from the Judgment of Sentence May 30, 2013
in the Court of Common Pleas of Lehigh County
Criminal Division at No.: CP-39-CR-0005565-2012

BEFORE:  LAZARUS, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 17, 2015**

---

[*] Retired Senior Judge assigned to the Superior Court.

In this consolidated appeal,[1] Appellant, Anthony Morales-Castro, appeals from the judgment of sentence imposed at case number 2781/2012 for his jury conviction of possession with intent to deliver a controlled substance (PWID), possession of a controlled substance, and possession of drug paraphernalia;[2] and from the judgment of sentence imposed at case number 5565/2012 for his jury conviction of delivery of a controlled substance, PWID, possession of a controlled substance, and criminal use of a communication facility.[3] Although we affirm Appellant's convictions, we are constrained to vacate his judgment of sentence and remand for resentencing.

The trial court aptly set forth the relevant factual background in its June 20, 2013 opinion:

> . . . [T]he evidence [at trial] established that on April 27, 2012, Detective Jorge Medero of the Allentown Police Department Vice and Intelligence Unit, along with other agents, were conducting an investigation of [Appellant]. On this date, Detective Medero met with a confidential informant, Oscar York, in order to instruct [him] to arrange for a controlled purchase of cocaine from [Appellant]. Via telephone communications that were

---

[1] On December 28, 2012, the trial court consolidated the cases for trial. (**See** Notice of Joinder, 12/28/12). This Court consolidated Appellant's appeals *sua sponte* on March 21, 2014. (**See** *Per Curiam* Order, 3/21/14, at 1).

[2] 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

[3] 35 P.S. §§ 780-113(a)(30), (a)(30), and (a)(16); and 18 Pa.C.S.A. § 7512(a), respectively.

recorded with [Appellant], the confidential informant made arrangements to purchase 100 grams of cocaine from [him].

Prior to the effectuation of the controlled purchase, Detective Medero, Detective Jeffrey Taylor of the Drug Enforcement Administration Task Force of the Lehigh County District Attorney's Office and Detective Kyle Hough of the Allentown Police Department Vice and [Intelligence] Unit searched the confidential informant's vehicle for contraband or currency, as well as the confidential informant himself. No contraband or currency was located. Additionally, audio and video equipment were installed in the back seat of the vehicle to record the transaction.[4] . . . Three Thousand Nine Hundred ($3,900.00) Dollars in United States currency in recorded bills was provided to the confidential informant. The confidential informant drove to [Appellant's] residence located at 734 Genesee Street, Allentown, Lehigh County, Pennsylvania. At this time, the confidential informant picked up [Appellant,] and [conducted the controlled buy of the cocaine, which he placed in the vehicle's center console, and] drove him to First Class Cuts Barber Shop . . . in Allentown . . . .[a] After the controlled buy was effectuated, the confidential informant returned to the pre-arranged location to meet with Detective Medero. During this entire process, the confidential informant was under constant surveillance by law enforcement personnel . . . with the aid of an airplane and numerous unmarked police vehicles.

> [a] Detective Michael Mish of the Bethlehem Police Department, assigned to the [Drug Enforcement Agency (DEA)] local field office, conducted surveillance of the barber shop [and] [h]e observed [Appellant] exit the passenger side of the vehicle . . . .

At the pre-arranged location, the confidential informant moved the white plastic bag containing cocaine from the center console to the passenger seat of the vehicle so that it could be collected by Detective Medero. . . . [T]he subject vehicle and the confidential informant were searched again. Other than the

---

[4] At trial, in addition to hearing and viewing the audio and video recordings, the jury was provided transcripts of same.

cocaine in the white plastic bag, no other contraband or currency was located.

Subsequently, on May 21, 2012, agents conducting surveillance of [Appellant] observed him depart from [his residence at] 734 Genesee Street . . . in a vehicle that he drove to and parked at 810 Whittier Drive, Allentown. [Appellant] later was observed by agents and officers, including Detective . . . Hough . . . , operating a green Chevrolet Tahoe and driving it back to [his residence]. [Appellant] then traveled to the Bronx, New York and ultimately returned to the Lehigh Valley later that day. On the return trip, [Appellant] was stopped [in Salisbury Township] for motor vehicle violations which included failure to utilize proper turn signals and exceeding maximum speed limits at approximately 5:50 P.M. . . .[b] Specifically, a marked police cruiser was in place by the Daisy Hill Market to effectuate the traffic stop on I-78 in the City of Allentown. However, [Appellant] unexpectedly exited I-78 into Hellertown via Route 412 and used back roads. The officers and agents were able to keep track of [Appellant's] location because[,] via [o]rder dated 5/11/12, a mobile tracking device had been placed on the vehicle.

[b] Detective Hough observed the multiple motor vehicle violations during his mobile surveillance of [Appellant]. However, he was unable to effectuate the traffic stop because he was in an unmarked unit.

Detective . . . Taylor . . . made contact with [Appellant] shortly after the traffic stop was initiated . . . in Fountain Hill. [Appellant] was the sole occupant of the vehicle. [Although not in custody or under arrest, Appellant] was verbally *Mirandized*[5] by Detective Taylor and [he] indicated that he understood his *Miranda* rights and did not have any questions. [Appellant] agreed to speak with the officers. In response to questions posed by Detective Taylor, [Appellant] stated that he was returning from Newark, New Jersey, and that he lived with his parents at 810 Whittier Drive. He also stated that he had nothing illegal in his vehicle and gave verbal [and written] consent to search the . . . Chevrolet Tahoe. . . .[c]

---

5 *Miranda v. Arizona*, 384 U.S. 436 (1966).

[c] A Pennsylvania State Police canine was called to the scene to conduct a sniff search of the exterior of [Appellant's vehicle]. The canine gave a positive alert for the presence of the odor of controlled substance[s].

Despite being given both verbal and written consent, law enforcement personnel made the tactical decision to obtain a search warrant for the Chevrolet Tahoe. At approximately 8:30 P.M. or 9:00 P.M., a search of the vehicle was subsequently performed . . . pursuant to the search warrant that was granted. . . . [Appellant] was informed that the law enforcement personnel would seek a search warrant for his residence.

A search warrant for the residence located at 734 Genesee Street was subsequently applied for and granted. The search of the premises commenced at approximately 11:01 P.M., after the search warrant was obtained. . . . Detective Taylor again spoke with [Appellant] after he was transported to 734 Genesee Street during the execution of the search warrant on the residence. . . . [T]hey found approximately a kilo brick of cocaine (970 grams) in the wood pellet stove, a clear bag containing cocaine in the bedroom closet on a shelf, and a handgun magazine on the bedroom window ledge. . . .

A Bursa .40 caliber semi-automatic handgun with a magazine with thirteen (13) rounds of ammunition was later located between the sheets and the mattress in [Appellant's] bedroom. . . . [Appellant] was arrested immediately after the contraband was located and transported to the Allentown Police Headquarters at approximately 11:33 P.M.

(Trial Court Opinion, 6/20/13, at 4-10) (record citations and most footnotes omitted).

The jury trial in this matter commenced on April 29, 2013. Before trial, Appellant filed pre-trial motions that sought, *inter alia*, to suppress evidence obtained pursuant to the search of his home, to sever the trials, to recuse the trial judge, and to lower his bail. The court denied the motions

on November 8, 2012, and on May 1, 2013, the jury convicted Appellant of the previously stated charges. On May 30, 2013, the court sentenced him in case number 2781/2012 to a mandatory minimum sentence of not less than seven nor more than ten years on the PWID conviction, and to a consecutive minimum mandatory sentence of not less than seven nor more than ten years' imprisonment at case number 5565/2012 on the delivery of a controlled substance charge.[6] (*See* N.T. Sentencing, 5/30/13, at 5, 8-10). Appellant filed post-sentence motions, which the court denied on June 20, 2013. Appellant timely appealed on July 18, 2013.[7]

Appellant raises eight questions for this Court's review:

1.     Whether the trial court erred in [c]ase [n]o. 2781-2012 by failing to suppress evidence obtained during the search of [Appellant's] home requiring him to either be acquitted or granted a new trial?

---

[6] At case number 2781/2012, the charge of possession of a controlled substance merged with the PWID conviction for sentencing purposes; and the court sentenced Appellant to a concurrent term of not less than six nor more than twelve months on the possession of drug paraphernalia conviction. (*See* N.T. Sentencing, 5/30/13, at 8). At case number 5565/2012, the PWID and possession of a controlled substance convictions merged, and the court imposed a concurrent sentence of not less than six nor more than twelve months' imprisonment on the criminal use of a communication facility conviction. (*See id.* at 9).

[7] Pursuant to the court's order, Appellant filed a timely Rule 1925(b) statement on August 14, 2013. *See* Pa.R.A.P. 1925(b). On August 26, 2013, the court filed a Rule 1925(a) opinion in which it relied on the reasons stated in its June 20, 2013 opinion and order denying Appellant's post-sentence motions. *See* Pa.R.A.P. 1925(a).

- 6 -

2.    Whether the trial court erred in [c]ase [n]o. 5565-2012 by either failing to suppress the cocaine obtained during the "controlled buy" or alternatively failing to grant the motion for acquittal due to reasonable doubt?

3.    Whether the trial court erred in providing the jury with a summary transcript of the audio purportedly reflecting the contents of the conversation that occurred inside the confidential informant's vehicle?

4.    Whether the trial court improperly joined these cases requiring that separate new trials be granted to [Appellant]?

5.    Whether the trial court imposed an illegal sentence when it sentenced [Appellant] to two mandatory minimum sentences of seven years?

6.    Whether the trial court abused its discretion by considering non-record materials when it imposed consecutive rather than concurrent sentences?

7.    Whether the trial judge should have recused herself from the matter after engaging in contact with the [d]istrict [a]ttorney in the case on January 23, 2013 in the absence of either [Appellant] or [Appellant's] attorney with [the] case that led to an [o]rder of [c]ourt being entered?

8.    Whether the trial court erred in raising [Appellant's] bail in [c]ase [n]o. 2781-2012 case [sic] as such act violated the Pennsylvania Rule of Criminal Procedure and was excessive and effectively denied [Appellant] his right to bail?

(Appellant's Brief, at 5-6).

In Appellant's first issue, he maintains that the trial court abused its discretion in failing to suppress evidence the police recovered pursuant to a search of his home, as fruit of the poisonous tree. (*See id.* at 25). Appellant offers five arguments in support of this issue: (1) his stop and detention by police was unlawful because "Allentown Police stopped [his]

vehicle in Salsbury [sic] Township" without jurisdiction, (*id.*); (2) "[t]here was no basis for the stop other than [Appellant] was under investigation for drug activity," (*id.* at 30-31);  (3) they "detained [him] in the back of several different police cars over a period of more than [five] hours." (*id.* at 31);" (4) "[t]he police entered and commenced the search of [Appellant's] home before they had a warrant," (*id.* at 32); and (5) "[e]vidence used to obtain the search warrant of the home was insufficient and stale." (*Id.* at 33).  Appellant's first issue is waived in part.

Preliminarily, a review of the record reveals that Appellant failed to raise his first claim with the trial court or to include it in his otherwise thorough, six-page Rule 1925(b) statement.  (*See* Appellant's Brief, at 25; Rule 1925(b) Statement, 8/14/13, at 1-6).  Therefore, this argument is waived.  *See* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011); *Commonwealth v. Johnson*, 51 A.3d 237, 247 (Pa. Super. 2012) (*en banc*), *appeal denied*, 63 A.3d 1245 (Pa. 2013).

Appellant also failed to raise argument two about reasonable suspicion justifying his stop with the trial court.  Therefore, we deem this issue waived.[8]

_____

[8] Moreover, we observe that the police stopped Appellant on the basis of motor vehicle violations. (*See* N.T. Trial, 4/29/13, at 120).  Therefore, they had reasonable suspicion to stop him.  *See Commonwealth v. Hilliar*, 943
*(Footnote Continued Next Page)*

Additionally, Appellant's fifth argument is waived for violation of Rule 302(a). The record reveals that, in the trial court, Appellant maintained that "the information used to obtain the search warrant was factually deficient and/or inaccurate," because the co-affiant, Detective Hough, inaccurately stated that none of his prior search warrants had been suppressed.[9] (Omnibus Pre-Trial Motion Case No. 2781/2012, 8/31/12, at 5 ¶28; N.T. Hearing, 10/17/12, at 9, 11). However, here, Appellant claims that information contained in the application for the search warrant was factually deficient and stale because the only illegal activity it contained was information regarding the drug sale to the confidential informant. (**See** Appellant's Brief, at 33-34). Therefore, Appellant's fifth argument is waived pursuant to Rule 302(a). **See** Pa.R.A.P. 302(a).[10]

_(Footnote Continued)_ ─────────

A.2d 984, 990 (Pa. Super. 2008), _appeal denied_, 956 A.2d 432 (Pa. 2008) ("Pursuant to 75 Pa.C.S.[A.] § 6308(b), a police officer may stop a vehicle anytime the officer possesses reasonable suspicion of a motor vehicle violation."). In fact, as discussed _infra_, based on the information law enforcement obtained in their surveillance of Appellant, they had probable cause to custodially detain or arrest him at the time that they stopped him.

[9] In another case, the trial court had granted a motion to suppress a search warrant in which Detective Hough was an affiant. (**See** N.T. Hearing, 10/17/12, at 61). However, as Detective Hough explained, this Court concluded that the suppression was improper and reversed the trial court's decision. (**See id.**).

[10] Moreover, Appellant's argument is disingenuous where the application for the search warrant contained more information than that about the illegal sale of narcotics to the informant. (**See** Affidavit of Probable Cause, 5/21/12, at unnumbered pages 1-6). In fact, our independent review
_(Footnote Continued Next Page)_

We now turn to the merits of Appellant's remaining arguments in support of his first issue, that the trial court abused its discretion in denying his motion to suppress evidence obtained pursuant to the search of his home. (**See** Appellant's Brief, at 25-34). Specifically, we review whether the trial court should have suppressed evidence obtained in the search of Appellant's home because officers kept him in police vehicles for over five hours, and they commenced the search before obtaining the warrant to do so. (**See id.** at 31-32).

> Our standard of review of the denial of a motion to suppress is well-settled:
>
>> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, we are bound by these findings and may reverse only if the court's legal conclusions are erroneous. Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are

_(Footnote Continued)_ ————————

reveals that the application for the search warrant established probable cause. **See Commonwealth v. Bartee**, 868 A.2d 1218, 1220-21 (Pa. Super. 2005) ("the standard for evaluating whether probable cause exists for a search warrant to be issued is the totality of the circumstances.") (citation omitted).

not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

*Commonwealth v. Potts*, 73 A.3d 1275, 1280 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2013) (citation omitted).

Appellant claims that he was arrested illegally when the officers detained him in a police car for over five hours while conducting further investigation. (*See* Appellant's Brief, at 31-32). We disagree.

It is well-settled jurisprudence that:

A primary purpose of both the Fourth Amendment [of the U.S. Constitution] and Article I, Section 8 [of the Pennsylvania Constitution] is to protect citizens from unreasonable searches and seizures. . . . [The Pennsylvania Supreme] Court has noted that there are three basic categories of interactions between citizens and the police. The first category, a mere encounter or request for information, does not need to be supported by any level of suspicion, and does not carry any official compulsion to stop or respond. The second category, an investigative detention, derives from *Terry v. Ohio*[, 392 U.S. 1 (1968),] and its progeny: such a detention is lawful if supported by reasonable suspicion because, although it subjects a suspect to a stop and a period of detention, it does not involve such coercive conditions as to constitute the functional equivalent of an arrest. The final category, the arrest or custodial detention, must be supported by probable cause.

*Commonwealth v. Smith*, 836 A.2d 5, 10 (Pa. 2003) (quotation marks and some citations omitted).

The key difference between an investigative and a custodial detention is that the latter involves such coercive conditions as to constitute the functional equivalent of an arrest.

The court considers the totality of the circumstances to determine if an encounter is

- 11 -

investigatory or custodial, but the following factors are specifically considered: the basis for the detention; the duration; the location; whether the suspect was transported against his will, how far, and why; whether restraints were used; the show, threat or use of force; and the methods of investigation used to confirm or dispel suspicions.

An arrest or "custodial detention" must be supported by probable cause:

Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require **only a probability,** and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

**Commonwealth v. Goldsborough**, 31 A.3d 299, 306 (Pa. Super. 2011), *appeal denied*, 49 A.3d 442 (Pa. 2012) (citations and quotation marks omitted; emphasis in original).

A delay for reasonable investigation does not violate due process. The prosecution is under no constitutional duty to file charges as soon as it obtains evidence of a defendant's guilt. To prove a violation of due process, a defendant must show not only that he was prejudiced by the delay, but also that the Commonwealth's action in causing or allowing the delay was "fundamentally unfair."

**Commonwealth v. Grazier**, 570 A.2d 1054, 1057 (Pa. Super. 1990) (citations omitted).

- 12 -

Here, on April 27, 2012, as part of an ongoing, major drug investigation, police observed Appellant engaged in a felony drug transaction in which he sold a confidential informant 100 grams of cocaine for $3,900.00. (*See* N.T. Trial, 4/30/13, at 73-74, 128-29, 132, 175). A few weeks later, on May, 21, 2012, law enforcement tracked Appellant going to the Bronx, New York, in a Chevy Tahoe that the DEA had informed them was adapted for narcotics sales, and returning to Pennsylvania shortly thereafter, behavior indicative of illegal drug trafficking. (*See id.* at 18; *see also* Affidavit of Probable Cause, 5/21/12, at unnumbered page 4 ¶ 10). The police also had information from the confidential informant about Appellant dealing illegal narcotics in the area. (*See* Affidavit of Probable Cause, 5/21/12, at unnumbered page 4 ¶ 9). Upon stopping Appellant, he stated that he was coming from Newark, New Jersey, and that his residence was 810 Whittier Drive, neither of which was true. (*See* N.T. Trial, 4/29/13, at 62). Based on the officers' observations, and information obtained from other, reliable sources, police had probable cause to custodially detain or arrest Appellant. *See Goldsborough*, *supra* at 306; *see also Commonwealth v. Zook*, 615 A.2d 1, 6 (Pa. 1992), *cert. denied*, 507 U.S. 974 (1993) (observing that police may arrest defendant without warrant where they have probable cause to believe that defendant has committed a felony). Moreover, Appellant fails to show that the delay between the time of the traffic stop and the arrest was "fundamentally unfair." *Grazier*,

*supra* at 1057 (concluding that nearly seven year delay in filing charges in order to continue investigation was not fundamentally unfair).

Therefore, based on the foregoing, the police had probable cause to custodially detain or arrest Appellant as of April 27, 2012 when they observed him conduct an illegal cocaine sale. *See Goldsborough*, *supra* at 306. Hence, based on that observation of the felony, and the additional facts and circumstances within the officers' knowledge, they properly custodially detained Appellant on May 21, 2012 for approximately five hours before formally arresting him. *See Colson*, *supra* at 817; *see also Grazier*, *supra* at 1057. Accordingly, the trial court did not err when it denied Appellant's motion to suppress the evidence seized during the search

of his home on the basis of the alleged illegal arrest. **See Potts**, **supra** at 1280.[11]

Appellant also argues that the court erred in denying his motion to suppress where police entered his home and conducted a search before they obtained a warrant to do so. (**See** Appellant's Brief, at 32-33). This argument is belied by the record, which reflects that police applied for a

_____

[11] Appellant's reliance on **Commonwealth v. Melendez**, 676 A.2d 226 (Pa. 1996), and **Commonwealth v. Lovette**, 450 A.2d 975 (Pa. 1982), _cert. denied_, 459 U.S. 1178 (1983), is not legally persuasive. (**See** Appellant's Brief, at 29-32). In **Melendez**, police were conducting surveillance on Melendez and her residence for suspected drug activity. **See Melendez**, **supra** at 227. While the officers were waiting for a search warrant, they stopped Melendez in her vehicle after she had left her home, searched her purse, and transported her back to her residence. **See id.** Our Supreme Court concluded that the police lacked probable cause to arrest or stop and search Melendez merely because she was a suspect in a felony investigation where she was not engaged in any activity at the time she was stopped that would cause a reasonable person to believe that she was then engaged in criminal conduct. **See id.** at 228-30. Here, under the totality of the circumstances, police had probable cause to custodially detain and arrest Appellant. Therefore, **Melendez** is inapposite.

In **Lovette**, police were investigating a reported burglary and observed muddy footprints at the scene. **See Lovette**, **supra** at 976. Nearby, police saw Lovette with muddy shoes. **See id.** Police stopped Lovette, found a ring and silver dime on his companion, and transported him and the other individuals back to the scene of the burglary. On appeal, our Supreme Court determined that the transporting of Lovette constituted an arrest, which was not supported by probable cause. **See id.** at 981. Here, under the totality of the circumstances and the evidence then-available to the police, including the positive response of the canine to the presence of cocaine, the observation of Appellant delivering cocaine to the confidential informant a few weeks prior, and their own training and experience, the police had probable cause to conduct a custodial detention/arrest.

search warrant of Appellant's residence at 10:35 P.M., at which time Magisterial District Justice Robert C. Halel approved the warrant. (**See** Application for Search Warrant and Authorization, 5/21/12, at 1). The police entered Appellant's home at approximately 11:01 P.M. after receiving the warrant (**See** N.T. Hearing, 10/17/12, at 52). Therefore, Appellant's argument in this regard is wholly without merit, and his first issue fails.

In Appellant's second issue, he argues that "[t]he trial court erred in failing to dismiss the charges relating to [c]ase [number] 5565-2012." (Appellant's Brief, at 34).[12] Specifically, he maintains that "[t]he handling of the drug evidence by [the confidential informant] tainted the case against [him,]" and therefore, "[r]easonable doubt exists as to [his] guilt for case 5565-2012." (**Id.** at 34-35). We disagree.

Preliminarily, we observe that, although Appellant fails to argue it as such, the allegation regarding a gap in the chain of custody challenges the weight of the evidence to support his conviction.[13] **See Commonwealth v.**

---

[12] We note that Appellant's brief does not include a "[s]tatement of place of raising or preservation of [this] issue[]." Pa.R.A.P. 2117(c), 2119(e). However, because we located Appellant's motion for arrest of judgment in his post-sentence motions, we will not deem this issue waived. **See Commonwealth v. Fransen**, 42 A.3d 1100, 1107 n.11 (Pa. Super. 2012), *appeal denied*, 76 A.3d 538 (Pa. 2013) (declining to find issue waived in spite of appellant's failure to comply with Pa.R.A.P. 2119 where Court could discern argument).

[13] Appellant raised this issue in his post-sentence motion, thus preserving it for our review, and the trial court found that the claim, no matter how
*(Footnote Continued Next Page)*

*Copenhefer*, 719 A.2d 242, 256 (Pa. 1998), *cert. denied*, 528 U.S. 830 (1999).

Our standard of review of a challenge to the weight of the evidence is well-settled:

> A verdict is not contrary to the weight of the evidence because of a conflict in testimony or because the reviewing court on the same facts might have arrived at a different conclusion than the fact[-]finder. Rather, a new trial is warranted only when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. Where, as here, the judge who presided at trial ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.
>
> One of the least assailable reasons for granting or denying a new trial is the lower court's determination that the verdict was or was not against the weight of the evidence and that new process was or was not dictated by the interests of justice. Thus, only where the facts and inferences disclose a **palpable abuse of discretion** will the denial of a motion for a new trial based on the weight of the evidence be upset on appeal.

*Commonwealth v. Morales*, 91 A.3d 80, 91-92 (Pa. 2014) (citations omitted; emphasis in original).

In this case, Appellant has not argued or demonstrated that the trial court palpably abused its discretion when it denied his motion for a new trial
_____
*(Footnote Continued)*

addressed, failed. (**See** Post-Sentence Motion, 6/10/13, at 2 ¶ 6(b), 4 ¶¶ 11, 12; **see also** Trial Ct. Op., 6/20/13, at 5-6, 10-11, 22-24).

on the basis of the weight of the evidence. He merely argues that there was a gap in the chain of custody that created "a genuine issue of tampering with the evidence breaking the chain of custody such that . . . [r]easonable doubt exists as to [his] guilt[.]" (Appellant's Brief, at 35). Thus, Appellant has failed to advance an argument that invokes the appropriate standard of review. *See Morales*, *supra* at 91-92.

Moreover, our independent review of the record does not reveal any such palpable abuse of discretion where the evidence establishes that the trial court found that there was no break in the chain of custody, and the verdict was not against the weight of the evidence.

The record reveals that the confidential informant, who was under constant surveillance, (*see* N.T. Trial, 4/29/13, at 43), drove to Appellant's home to pick him up as they had arranged. (*See* N.T. Trial, 4/30/13, at 177). While the confidential informant was driving, Appellant handed him the cocaine, which the confidential informant put in the center console. (*See id.* at 73-74). After Appellant exited the vehicle, the confidential informant returned to a pre-arranged location to meet with Detective Medero. (*See* N.T. Trial, 4/29/13, at 43-44; N.T. Trial, 4/30/13, at 133, 178). There, Detective Medero observed the confidential informant move the white plastic bag containing cocaine from the center console to the passenger seat of the vehicle for the detective to retrieve it. (*See* N.T. Trial, 4/30/13, at 133-34).

Based on the foregoing, we conclude that the trial court did not palpably abuse its discretion in finding that there was no break in the chain of custody, and that the verdict was not against the weight of the evidence. *See Morales*, *supra* at 91-92. Appellant's second issue does not merit relief.

In his third issue, Appellant maintains that the "trial court [erred] in allowing the jury to review a transcript that purported to contain the contents of the conversation between [Appellant] and the confidential informant." (Appellant's Brief, at 37). Specifically, Appellant asserts that "[t]he error in this case is not the trial court's ruling on the admissibility of the audio and video recording itself; rather, the error lies in providing the transcript that purports to be a summary of the audio prepared by the District Attorney . . . ." (*Id.* at 38). We disagree.

It is well-settled that:

> Admission of evidence is a matter within the sound discretion of the trial court, and will not be reversed absent a showing that the trial court clearly abused its discretion. Not merely an error in judgment, an abuse of discretion occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence on record.

*Commonwealth v. Akbar*, 91 A.3d 227, 235 (Pa. Super. 2014) (citation omitted).

Where a trial court instructs the jury that transcripts are "to be used only as guideposts and not as verbatim translations, [the] decision to permit

the jury to use the transcripts [is not] manifestly unreasonable." ***Commonwealth v. Bango***, 742 A.2d 1070, 1073 (Pa. 1999) (citation omitted).

Here, at trial, the Commonwealth moved for the admission of Exhibit 46, a transcript of the audio and video recording of a conversation between the confidential informant and Appellant during the drug-buy. (***See*** N.T. Trial, 4/29/13, at 47). Defense counsel objected to the admission of the subject transcript on the basis that there were references to portions being unintelligible. (***See id.*** at 47-48). The court overruled the objection, observing that a transcript will be deemed inadmissible on this basis only where "you can't really tell what is being said[,] and that does not appear to be the case." (***Id.*** at 49; ***see id.*** at 48).

Thereafter, prior to the playing of any recording where the jury was provided a transcript, the court instructed the jury that "[t]he actual evidence is what you're about to hear. So in case there are any inaccuracies on the transcript[] . . . the actual evidence is what is contained on the recording itself. The transcript is merely a guide." (***Id.*** at 46, 50).

Based on the fact that the trial court provided the jury with a clear cautionary instruction, it was not "manifestly unreasonable" in allowing the admission of the transcript of the video and audio recording. ***Bango***, ***supra*** at 1073. Therefore, we conclude that the court did not abuse its discretion in allowing the jury to review the transcript while listening to, and viewing,

the recording. *See Akbar*, *supra* at 235. Appellant's third issue does not merit relief.[14]

In Appellant's fourth issue, he maintains that the trial court erred in denying his motion to sever the two drug cases against him. (*See* Appellant's Brief, at 41-45). We disagree.

> The decision to consolidate separate indictments for trial rests with the trial court, and this court will reverse only for a manifest abuse of that discretion.
>
> * * *
>
> [I]ndictments may be consolidated for trial if evidence pertaining to one indictment would be admissible in a trial on another indictment:
>
> > to prove (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan or design embracing commission of two or more crimes so related to each other that proof of one tends to prove the others; or (5) to establish the identity of the person charged with the commission of the crime on trial, in other words, where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other.

_____

[14] Neither are we persuaded by the argument that the transcript should have been excluded because the court did not permit counsel to provide copies to Appellant or an expert. (*See* Appellant's Brief, at 39-40). As observed by the trial court, counsel never requested to have an expert review the actual video/audio evidence, and the court expressly told him that an expert could review it in counsel's presence. (*See* Trial Ct. Op., 6/20/13, at 24-25); (*see also* N.T. Hearing, 2/27/13, at 5-9).

*Commonwealth v. Janda*, 14 A.3d 147, 155-56 (Pa. Super. 2011) (citations, footnote, and quotation marks omitted); *see also* Pa.R.Crim.P. 582(A)(1), 583.

Further,

[w]here the defendant moves to sever offenses not based on the same act or transaction that have been consolidated in a single indictment or information, or opposes joinder of separate indictments or informations, the court must therefore determine: whether the evidence of each of the offenses would be admissible in a separate trial for the other; whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative, whether the defendant will be unduly prejudiced by the consolidation of offenses.

*Commonwealth v. Lark*, 543 A.2d 491, 496-97 (Pa. 1988)

Here, the trial court found that:

The facts of . . . case[] [numbers 2781 and 5565 of 2012] demonstrate a continuing course of conduct by [Appellant], as well as [his] intent, and thus would be admissible in a separate trial for the other. An underlying theme of these charges deals with the delivery and possession of cocaine.

* * *

Where a trial concerns distinct criminal offenses that are distinguishable in time, space and characters involved, a jury is capable of separating the evidence. In the instant case, the incidents involve separate events that occurred over an approximate three (3) week time span. . . . Additionally, while the detectives involved in the two (2) cases are the same, their roles in both of the cases are such that a jury would not confuse the two (2) matters.

[Also,] [Appellant] would not be prejudiced by the consolidation of the offenses. . . .

> [Finally,] the admission of relevant evidence connecting a defendant to the crimes charged is a natural consequence of a criminal trial. This is not grounds for severance by itself. In the instant case, [Appellant] was charged with separate offenses that occurred on April 27, 2012, and May 21, 2012. There was no prejudice in permitting the jury to convict [Appellant] upon distinct, yet interrelated, evidence of those crimes.

(Trial Ct. Op., 6/20/13, at 20-22) (citations omitted). We agree with the trial court's analysis of Appellant's case pursuant to *Lark*.

Moreover, we observe that to meet its burden of proof in case number 2781/2012, the Commonwealth was required to show that the cocaine found in Appellant's home was intended for distribution. Hence, evidence of Appellant's sale of cocaine to the confidential informant was admissible to show intent to sell the cocaine found in his home three weeks later. Therefore, evidence of Appellant's sale of 100 grams of cocaine to a confidential informant three weeks earlier was relevant to prove his intent to sell the drugs seized from his residence. *See Janda*, *supra* at 155-56; *see also Commonwealth v. Echevarria*, 575 A.2d 620, 623 (Pa. Super. 1990) (concluding testimony that informant purchased drugs from defendant on previous occasions relevant to defendant's intent in PWID case).

Also, the evidence was relevant to complete the story of Appellant's criminal activity. *See, e.g.*, *Commonwealth v. Buchanan*, 689 A.2d 930, 933 (Pa. Super. 1997), *appeal denied*, 699 A.2d 733 (Pa. 1997) (evidence regarding defendant's prior bad acts admissible where it demonstrated the history and natural development of facts in crime charged). Appellant was

the subject of a major drug investigation involving the City of Allentown Bureau of Police, Vice and Intelligence Unit; the Lehigh County District Attorney's Office's Drug Enforcement Administration Task Force; and the local field office of the DEA "tasked with the investigation of major drug traffickers in the area." (N.T. Trial, 4/30/13, at 5; *see id.* at 124, 171; N.T. Trial, 4/29/13, at 28-29; 41). The two cases were intertwined with each other and with the investigation such that evidence of one would have been admissible at a separate trial for the other to complete the story of Appellant's criminal activity. *See Buchanan*, *supra* at 933.

Therefore, for the foregoing reasons, we conclude that the trial court did not abuse its wide discretion in consolidating Appellant's two cases and denying his motion for severance. *See Janda*, *supra* at 155-56; *Lark*, *supra* at 496. Appellant's fourth issue does not merit relief.

In his fifth issue, Appellant argues that the trial court's imposition of two mandatory minimum sentences was illegal. (*See* Appellant's Brief, at 45). Because we are constrained to conclude that Appellant's sentence is unlawful, we are required to vacate his judgment of sentence and remand for resentencing.

Initially, we observe that "[i]ssues relating to the legality of sentence are questions of law, and thus, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Clarke*, 70 A.3d 1281,

1284 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation

omitted).

Section 7508 of the Crimes Code provides, in pertinent part, that:

**(a) General rule.**—Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

\* \* \*

(3) A person who is convicted of violating [35 P.S. § 780-113(a)(30) (PWID)] where the controlled substance is [cocaine] . . . shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

\* \* \*

(iii) when the aggregate weight of the compound or mixture of the substance involved is at least 100 grams . . . [and], if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $50,000 . . . .

\* \* \*

**(a.1) Previous conviction.**—For purposes of this section, it shall be deemed that a defendant has been convicted of another drug trafficking offense when the defendant has been convicted of another offense under section 13(a)[(30) (PWID)] . . . whether or not judgment of sentence has been imposed concerning that offense.

**(b) Proof of sentencing.**—Provisions of this section shall not be an element of the crime.  Notice of the applicability of this section to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing.  The applicability of this section shall be determined at sentencing. The court shall consider evidence presented at trial, shall afford the Commonwealth and the

defendant an opportunity to present necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

18 Pa.C.S.A. § 7508(a)(3)(iii), (a.1), (b).

As recently observed by this Court:

. . . [O]ur *en banc* opinion in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*) and the panel decision in **Commonwealth v. Valentine**, 101 A.3d 801 (Pa. Super. 2014) mandate that we hold 18 Pa.C.S.A. § 7508 unconstitutional in its entirety. Thus, a mandatory minimum sentence imposed under this statute is illegal. Specifically, . . . 18 Pa.C.S.A. § 7508 is structured in the same manner as the statutes that were at issue in **Newman** and **Valentine**—and, as was true with the statutes at issue in **Newman** and **Valentine**, one particular subsection of 18 Pa.C.S.A. § 7508 is clearly unconstitutional under **Alleyne v. United States**, --- U.S. ----, 133 S.Ct. 2151 (2013). **See** 18 Pa.C.S.A. § 7508(b). In particular, Section 7508(b) contains the following unconstitutional burdens and procedures: it declares that the substantive, "aggravating facts" contained in Section 7508(a) are "not . . . an element of the crime;" it declares that notice of either the "aggravating facts" or of the applicability of the mandatory minimum sentencing statute is "not . . . required prior to conviction;" it declares that the applicability of the mandatory minimum statute "shall be determined at sentencing;" it declares that the Commonwealth need only prove the "aggravating facts" by a preponderance of the evidence; and, it declares that a judge—and not a jury—is to act as the fact-finder for purposes of determining the "aggravated facts." 18 Pa.C.S.A. § 7508(b). **Alleyne** rendered all of these burdens and procedures unconstitutional.

The Court in [**Commonwealth v.**] **Fennell**[,2014 WL 6505791, at *1-8 (Pa. Super. filed Nov. 21 2014),] concluded that, pursuant to **Newman** and **Valentine**, the unconstitutional portion of 18 Pa.C.S.A. § 7508 is unseverable from the remainder of the statute. Thus, even though Fennell stipulated to the weight of the heroin at issue, the **Fennell** Court held that the trial court erred in imposing the mandatory minimum sentence as Section 7508 is unconstitutional in its entirety. Hence, as the Appellant in the case *sub judice* was sentenced to

a mandatory minimum under Section 7508, which has been deemed unconstitutional, we must vacate Appellant's judgment of sentence and remand for resentencing, without consideration of the mandatory minimum sentence.

***Commonwealth v. Vargas***, 2014 WL 7447678, at \*17 (Pa. Super. filed Dec. 31, 2014) (*en banc*) (footnotes and some case citations omitted).

Likewise here, Appellant was sentenced to the mandatory minimum term pursuant to section 7508. (***See*** N.T. Sentencing, 5/30/13, at 5, 8-9). Accordingly, we must conclude that Appellant's sentence is illegal[15] and we therefore vacate his judgment of sentence and remand for re-sentencing, "without consideration of the mandatory minimum sentence."[16] ***Vargas***, ***supra*** at \*17.

In Appellant's sixth issue, he claims that the court abused its discretion in imposing consecutive, rather than concurrent, sentences. (***See*** Appellant's Brief, at 48-50). However, we decline to reach the merits of this

---

[15] We do not reach the ground for Appellant's illegal sentencing claim, namely that the mandatory minimum sentences of seven to ten years were illegal because he had no prior convictions. (***See*** Appellant's Brief, at 45-47). Preliminarily, Appellant admits that he bases his argument on a dissenting opinion, which is not binding precedent. (***See id.*** at 45 n.7). Moreover, this argument is moot where we have vacated the judgment of sentence because section 7508 is "unconstitutional in its entirety." ***Vargas***, ***supra*** at \*17.

[16] The Commonwealth "acknowledges this Court's holding in ***Newman*** and does not oppose a remand for resentencing." (Commonwealth's Brief, at 44).

discretionary sentencing issue because it is moot where the judgment of sentence has been vacated and the case remanded for re-sentencing.

In his seventh issue, Appellant claims that "[t]he trial judge should have recused herself from the case[]" because "the record . . . establish[es] clear[,] *ex parte*, non-permissible, contact between the trial court and the District Attorney regarding a critical piece of evidence in this case[.]" (***Id.*** at 50, 52). This issue does not merit relief.

> Our standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential. We recognize that our trial judges are honorable, fair and competent, and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially.
>
> The party who asserts that a trial judge should recuse bears the burden of setting forth specific evidence of bias, prejudice, or unfairness. Furthermore, a decision by the trial court against whom the plea of prejudice is made will not be disturbed absent an abuse of discretion.

***Commonwealth v. Harris***, 979 A.2d 387, 391-92 (Pa. Super. 2009) (citations and quotation marks omitted).

Here, the trial court issued a protective order which provided: "defense counsel may not provide copies of any audio, audio/video recordings or transcripts in [this] matter to [Appellant] or anyone else. However, [d]efense [c]ounsel may discuss the contents of these items with [Appellant] subject to the above limitations." (Order, 1/24/13, at 1). The purpose of the order was "only to not make copies for [Appellant] to get word out in the prison. So other than that, you can do with it as you

choose." (N.T. Hearing, 2/27/13, at 10-11). Appellant claims that this order was entered *ex parte*, requiring recusal. (**See** Appellant's Brief, at 50-52); (**see also** N.T. Hearing, 2/27/13, at 5-13). We disagree that the trial court abused its discretion in denying the motion for recusal on this basis.

First, Appellant merely states that the trial judge should have recused herself because she entered the protective order *ex parte* without allowing him the opportunity to argue against it. (**See** Appellant's Brief, at 50-52). However, he has provided absolutely no "specific evidence of bias, prejudice, or unfairness." **Harris**, **supra** at 391-92; (**see also** Appellant's Brief, at 50-52). In fact, an independent review of the transcript reveals that the trial court forswore any improper *ex parte* communication, and stated that the protective order was required, in part because "there is an overriding interest, and that would be the safety of the informant." (N.T. Hearing, 2/27/13, at 12; **see id.** at 13).[17]

Based on the foregoing, and, "recognizing that the judge [her]self is best qualified to gauge [her] ability to preside impartially[,]" **Harris**, **supra** at 392, we conclude that the trial court did not abuse its considerable

---

[17] Appellant claims that the court signed the order based on an incorrect recollection that he had agreed to it. (**See** Appellant's Brief, at 50-52). However, Appellant fails to argue that this faulty recollection rose to the level of abuse of discretion requiring recusal. **See Harris**, **supra** at 391-92; (**see also** Appellant's Brief, at 50-52).

discretion in denying Appellant's motion for recusal. ***See id.*** at 391-92. Appellant's seventh claim does not merit relief.

In his eighth issue, Appellant maintains that "the trial court erred when it increased [his] bail from $100,000.00 to $250,000.00[]" because the increase "violated Rule 529 of the Rules of Criminal Procedure" and "was excessive" in violation of the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution. (Appellant's Brief, at 52, 54; ***see id.*** at 56).

Appellant's issue raises questions of law, therefore our "scope of review is plenary and [our] standard of review is limited to determining whether the trial court committed legal error." ***Commonwealth v. McDonough***, 96 A.3d 1067, 1070 n.9 (Pa. Super. 2014) (citation omitted).

Pennsylvania Rule of Criminal Procedure 529 provides, in pertinent part, that:

> (C) The existing bail order may be modified by a judge of the court of common pleas:
>
> (1) at any time prior to verdict upon motion of counsel for either party with notice to opposing counsel and after a hearing on the motion; or
>
> (2) at trial or at a pretrial hearing in open court on the record when all parties are present.

Pa.R.Crim.P. 529(C).

Additionally: "The Eighth Amendment to the Federal Constitution states, "[e]xcessive bail shall not be required . . . ." U.S. Const. amend. viii.

. . . [T]he Eighth Amendment's protection against excessive . . . punishments flows from the basic precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense." **Commonwealth v. Thompson**, 2014 WL 6948150, at *15 (filed Dec. 10, 2014) (citation and internal quotation marks omitted). Similarly, the Pennsylvania Constitution provides, in relevant part, that "[e]xcessive bail shall not be required. . . ." Pa. Const. art. I, § 13.

Here, on August 27, 2012, the trial court held a hearing on Appellant's motion to establish compliance with his bail conditions at which all parties were present.[18] After the hearing, "based on the seizure of more than a kilogram of cocaine from [Appellant's] residence, along with a loaded firearm[,]" the court raised Appellant's bail from $100,000.00 to $250,000.00. (Trial Ct. Op., 3/13/13, at 12; **see also** Order, 8/27/12).

Based on the foregoing, we discern no trial court error. The trial court raised the bail amount "in open court on the record, when all parties were present," Pa.R.Crim. 529(C), and the amount of bail was not "excessive," but instead was "proportioned to [the] offense." U.S. Const. amend. viii; Pa.

---

[18] A term of the order setting bail was that Appellant provide proof that any money for a bond was not the result of illegal activity. (**See** Order, 6/21/12).

Const. Art. I, § 13; **Thompson**, **supra** at *15 (citation omitted). Appellant's eighth issue is frivolous[19] and does not merit relief.

Therefore, to summarize our conclusions, we vacate and remand for re-sentencing based on illegality of sentence, deem the discretionary aspects of sentence challenge moot, and affirm the trial court on all of Appellants' remaining claims.

All convictions affirmed. Judgment of sentence vacated and case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2015

---

[19] Appellant maintains that the hearing on his motion was not a **pre-trial** hearing because it did not concern an omnibus pre-trial or suppression motion. (**See** Appellant's Brief, at 54). We disagree. **See, e.g.**, **Commonwealth v. Morales**, 91 A.3d 80, 95 (Pa. 2014) (identifying hearing on motions *in limine* as "pre-trial hearing"). Appellant concedes that the Rules of Criminal Procedure do not define "pre-trial hearing." (Appellant's Brief, at 54); **see also** Pa.R.Crim.P. 103. Therefore, giving the term the effect of its most common usage, **see Commonwealth v. Levy**, 83 A.3d 457, 463 (Pa. Super. 2013), a pre-trial hearing necessarily is a hearing that occurs before trial. Appellant's argument to the contrary is frivolous.