570 A.2d 1054

**COMMONWEALTH of Pennsylvania**

v.

**Guy T. GRAZIER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 6, 1989.

Filed Feb. 12, 1990.

204

Richard E. Werner, Pittsburgh, for appellant.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before WIEAND, MONTEMURO and MONTGOMERY, JJ.

WIEAND, Judge:

On April 8, 1981, the body of Clyde Grazier was pulled from the Allegheny River. The pathologist's opinion was that he had been killed by blunt force trauma and manual strangulation. On January 4, 1988, Guy Grazier, a nephew of the deceased, was charged with the murder of his uncle. On June 24, 1988, a jury found Guy Grazier guilty of murder of the first degree. Grazier then filed post-trial motions in which he alleged that his trial counsel had been ineffective. Therefore, a new lawyer was appointed to represent him, and an evidentiary hearing was held. Post-trial relief was denied, however, and Grazier was sentenced to prison for the term of his natural life.

Thereafter, post-trial counsel was allowed to withdraw, and the trial court appointed the Public Defender to represent Grazier. A timely appeal was filed by the Public Defender on Grazier's behalf. This appeal was filed to No. 610 Pittsburgh, 1989. While the appeal was pending, Grazier filed in the trial court a pro se petition to remove the Public Defender as his counsel and appoint another lawyer. The trial court found no merit in appellant's pro se motion and dismissed it. From this order, appellant filed a separate pro se appeal to No. 928 Pittsburgh, 1989.

Appellant's request for the appointment of other counsel was premised upon his dissatisfaction with the services of the Public Defender during an appeal from an unrelated conviction in 1983. The alleged ineffectiveness of the Public Defender in the prior proceedings is being litigated in post-conviction proceedings which have not been finally determined. Because of these proceedings, appellant argues, it is impossible to establish a good relationship with counsel from the Public Defender's Office in the instant appeal.

The general principles applicable to a motion for change of counsel were reviewed in *Commonwealth v. Neal*, 387 Pa.Super. 165, 563 A.2d 1236 (1989). The Court there said:

> Pa.R.Crim.P. 316(c)(ii) provides that "[a] motion for change of counsel by a defendant to whom counsel has been assigned, shall not be granted except for substantial reasons." Whether to grant a defendant's petition to replace court appointed counsel is a decision which is left to the sound discretion of the trial court. *Commonwealth v. Segers*, 460 Pa. 149, 154, 331 A.2d 462, 465 (1975). See also: *Commonwealth v. Williams*, 514 Pa. 62, 522 A.2d 1058 (1987); *Commonwealth v. Person* [345 Pa.Super. 341, 498 A.2d 432 (1985)], *supra; Commonwealth v. Bell*, 328 Pa.Super. 35, 476 A.2d 439 (1984); *Commonwealth v. Tuck*, 322 Pa.Super. 328, 469 A.2d 644 (1983). As a general rule, however, a defendant must show irreconcilable differences between himself and his court appointed counsel before a trial court will be reversed for abuse of discretion in refusing to appoint new counsel. See: *Commonwealth v. Knapp* [374 Pa.Super. 160, 542 A.2d 546 (1988)], *supra* (defendant's allegation that he and counsel had a strained relationship was not sufficient to justify appointment of new counsel); *Commonwealth v. Chew*, 338 Pa.Super. 472, 487 A.2d 1379 (1985) (mere difference of opinion concerning trial strategy or brevity of pre-trial communications does not compel the appointment of new counsel); *Commonwealth v. Johnson*, 309 Pa.Super. 117, 454 A.2d 1111 (1983) (defen-

dant's asserted lack of confidence in court appointed counsel's attitude was not sufficient reason for appointment of new counsel). Compare: *Commonwealth v. Tyler* [468 Pa. 193, 360 A.2d 617 (1976)], *supra.*

*Id.,* 387 Pa.Superior Ct. at 175–176, 563 A.2d at 1241.

In the instant case, appellant has not averred substantial reasons for replacing the lawyer who represents him on appeal to this Court. Neither the lawyer nor the Public Defender by whom counsel is employed represented appellant previously in this action. Therefore, present counsel is not burdened by a direct conflict of interest that would impair his ability to give his undivided loyalty to appellant. Appellant also has failed to allege irreconcilable differences between himself and appellate counsel that would impair counsel's ability to represent appellant vigorously on appeal. The mere averment that in a separate and unrelated proceeding another member of the Public Defender's staff rendered ineffective assistance, without more, does not incapacitate the entire staff of the Public Defender from representing appellant in this case. If the law were otherwise, a defendant's mere assertion of ineffective assistance by a lawyer employed by the Public Defender would forever bar the Public Defender from representing the same defendant in subsequent, unrelated criminal matters. We do not perceive this to be the law.

The trial court, in rejecting appellant's motion to replace appellate counsel, concluded that appellant was an "impossibly contentious individual who would not be satisfied with the representation of any counsel, however able and patient." This suggests that the differences, if any, between appellant and his present counsel are unreasonable and of appellant's own making. Under these circumstances and in view of existing law, we are unable to conclude that the trial court abused its discretion by denying appellant's pro se motion to replace appellate counsel with a lawyer not employed by the Public Defender of Allegheny County.

In appellant's direct appeal from the judgment of sentence, he argues that trial counsel was ineffective because

he failed to (1) file a motion to quash the information on grounds of delay between the homicide and arrest; (2) file a motion in limine to prevent the Commonwealth from using a 1979 robbery conviction to impeach him if he elected to testify; and (3) move to continue the trial because of head injuries previously sustained by appellant while in prison. We find no merit in these contentions and affirm the judgment of sentence.

Counsel is presumed to have acted effectively. Therefore, the burden of proving constitutionally ineffective assistance by counsel is on the defendant who asserts the same. *Commonwealth v. Floyd*, 506 Pa. 85, 90, 484 A.2d 365, 367 (1984); *Commonwealth v. Miller*, 494 Pa. 229, 233, 431 A.2d 233, 235 (1981). To demonstrate ineffective assistance, a defendant must show an underlying claim of arguable merit in respect of which counsel's stewardship was unreasonable. *Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986), *cert. denied,* ——— U.S. ———, 109 S.Ct. 187, 102 L.Ed.2d 156 (1988). In addition, the defendant must show that he was prejudiced by counsel's action or inaction. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

There is no statute of limitations in homicide cases. Therefore, the principal safeguard against undue delay between crime and arrest is not available in this case. See: *Commonwealth v. Arnold*, 331 Pa.Super. 345, 360, 480 A.2d 1066, 1074 (1984). However, the due process clause of the Fourteenth Amendment to the Constitution of the United States requires dismissal if the delay prior to the bringing of formal charges has been an intentional device to gain a tactical advantage over the accused and has caused substantial prejudice to the accused's right to a fair trial. See: *United States v. Marion*, 404 U.S. 307, 324, 92 S.Ct. 455, 465, 30 L.Ed.2d 468, 480–481 (1971). A delay for reasonable investigation does not violate due process. The prosecution is under no constitutional duty to file charges as soon as it obtains evidence of a defendant's guilt. To prove a violation of due process, a defendant must show not

only that he was prejudiced by the delay, but also that the Commonwealth's action in causing or allowing the delay was "fundamentally unfair." *United States v. Lovasco,* 431 U.S. 783, 795–796, 97 S.Ct. 2044, 2051–2052, 52 L.Ed.2d 752, 762–763 (1977). See also: *Commonwealth v. Colson,* 507 Pa. 440, 451–453, 490 A.2d 811, 817 (1985), *cert. denied,* 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 692 (1986); *Commonwealth v. Berry,* 355 Pa.Super. 243, 251, 513 A.2d 410, 414 (1986); *Commonwealth v. Murphy,* 305 Pa.Super. 246, 252, 451 A.2d 514, 517 (1982).

In the instant case, the pre-arrest delay was approximately six years and nine months following the date of the homicide. This is substantial. However, there is no evidence to suggest that the delay was caused intentionally by the Commonwealth to gain a tactical advantage over appellant, and appellant's testimony that he was prejudiced by the delay was rejected by the trial court.

The principal witnesses against appellant at trial were two former girlfriends to whom he had made inculpatory statements. Although there is a suggestion in appellant's evidence that police had obtained knowledge of these statements in 1982, the evidence is equivocal; [1] and there is no evidence that the Commonwealth had been improperly motivated. Indeed, there is no evidence in the record before this Court as to what caused the delay. We know only that appellant was arrested on other charges in 1982, on which he was later convicted, and that he has been continuously incarcerated since that time.

Appellant contends that he was prejudiced because Dr. Larkin could not be found at the time of trial. Dr. Larkin, who had performed the autopsy on the' victim, had opined that the killer was left-handed. At trial, defense counsel was able to obtain from the prosecuting attorney an agreement to stipulate to Larkin's testimony, but appellant refused to allow such a stipulation. However, defense counsel was able to elicit from Dr. Rozin, who testified from Dr. Larkin's notes, that Larkin believed the killer to be left-

---

1. The trial court made no finding with respect thereto.

handed. Defense counsel also produced evidence at trial that appellant was right-handed. Thus, even though Rozin testified that it was impossible to determine whether the killer was right-handed or left-handed, appellant was able to place before the jury the notes and opinion of Dr. Larkin.

Appellant also complains that he was prejudiced by the death of Helen Savage prior to trial. Savage, however, had no direct knowledge regarding the facts of the case. Her only testimony would have been that one of appellant's girlfriends had told appellant, in April, 1981, that she had been interviewed by police officers and had told them she knew nothing. This testimony had no relevancy except, possibly, to challenge the girlfriend's credibility. Because the testimony of Helen Savage would not have exculpated appellant, her death was not sufficient prejudice to implicate principles of due process. *Commonwealth v. Sneed*, 514 Pa. 597, 604, 526 A.2d 749, 752 (1987).

We conclude, for these reasons, that the trial of homicide charges against appellant in 1988 was not barred by principles of due process. Therefore, trial counsel was not ineffective for failing to move pre-trial to quash the information on grounds that pre-arrest delay had violated due process.

■ Trial counsel was not ineffective for failing to file a motion in limine to exclude evidence of appellant's prior conviction for robbery. In the first place, the law was settled by the time of trial in this case that evidence of prior convictions was admissible to impeach the credibility of a criminal defendant who testified in his own behalf so long as the conviction had been for an offense involving dishonesty and had occurred within ten years of the date of trial. *Commonwealth v. Randall*, 515 Pa. 410, 528 A.2d 1326 (1987). Relying on the decision in *Randall*, the trial court ruled that if appellant testified, his prior conviction for robbery would be admissible. When appellant became aware of this ruling, he decided that he would not testify. Under these circumstances, appellant is not entitled to a new trial merely because his counsel failed to move in

limine to exclude evidence of his prior conviction for rob-bery.

Finally, appellant contends that his trial counsel was ineffective for failing to move for a continuance of the trial. However, he has failed to demonstrate either that he was entitled to a continuance or that he was prejudiced by counsel's failure to request a continuance which, if granted, would have resulted in additional delay. Appellant did not show that he was unable physically or mentally to with-stand the rigors of trial or that he could not assist in the defense of the case. The fact that he had been struck on the head several months before the trial did not alone entitle him to a continuance. On this record, therefore, it is clear that trial counsel was not ineffective for failing to move for a continuance.

In the appeal filed to No. 928 Pittsburgh, 1989, the order denying appellant's motion for a change of counsel is af-firmed. In the appeal filed to No. 610 Pittsburgh, 1989, the judgment of sentence is affirmed.