J-A22011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN BARTHOLOMUE LYNCH | |
| Appellant | No. 98 MDA 2016 |

Appeal from the PCRA Order January 6, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003224-2010
CP-36-CR-0005345-2009
CP-36-CR-0005350-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                     **FILED AUGUST 22, 2016**

Calvin Bartholomue Lynch ("Appellant") appeals from the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  After careful review, we affirm.

The PCRA court explained the procedural posture of this matter as follows:

> The procedural posture of this matter is nuanced.  On Docket [CP-36-CR-000]3224-2010, [Appellant] was charged with Robbery,[1] Burglary,[2] and related offenses.  These charges arose from a residential robbery.  Another incident was then added to the same docket regarding the robbery of a Turkey Hill convenience store.  A pretrial suppression hearing was held on

_____

[1] 18 Pa.C.S. § 3701.

[2] 18 Pa.C.S. § 3502.

January 4, 2011. Trial [c]ounsel obtained a severance of the convenience store robbery charges at that hearing. Eventually, [t]rial [c]ounsel was able to obtain a dismissal of the convenience store charges. After the suppression hearing, [Appellant] chose to represent himself at trial for the remaining charges. On January 7, 2011, a jury of his peers found [Appellant] guilty of Burglary, Robbery, and Theft.[3] During the trial, [t]rial [c]ounsel acted as standby counsel.

On Docket [CP-36-CR-000]5350-2009, [Appellant] was charged with Aggravated Assault[4] and related offenses for striking his girlfriend with a baseball bat. On Docket [CP-36-CR-000]5345-2009, [Appellant] was charged with intimidation of a witness.[5] These cases were tried together as the victim (his girlfriend) was the same in both instances. Trial [c]ounsel also represented [Appellant] on these Dockets. [Appellant] proceeded to a bench trial on both Dockets and was found guilty on January 31, 2011.

[Appellant] was sentenced on March 24, 2011. On dockets 5350-2009 and 5345-2009, [Appellant] was sentenced, in totality, to a sentence of thirteen and one-half (13½) to twenty-seven (27) years. On Docket 3224-2010, [Appellant] was sentenced to eight (8) to twenty (20) years. The sentences were ordered to be served consecutively. In the aggregate, [Appellant] was sentenced to twenty-one and a half (21½) to forty-seven (47) years of incarceration. [Appellant] then filed post-sentence motions and appealed to the Superior Court. The Superior Court affirmed all of the convictions.[2] The Supreme Court then denied [Appellant's] petition for allocatur.[6]

---

[3] 18 Pa.C.S. § 3921.

[4] 18 Pa.C.S. § 2702.

[5] 18 Pa.C.S. § 4952.

[6] The Supreme Court of Pennsylvania denied allocatur on the appeal from Docket No. 3224-2010 on November 28, 2012. The Supreme Court denied allocatur on the appeal from Docket Nos. 5345-2009 and 5350-2009 on February 25, 2014.

> [2] – The Superior Court affirmed Docket 3224-2010 on March 1, 2012 and affirmed Dockets 5450-2009 and 5345-2009 on July 29, 2014.

PCRA Court's Memorandum of Opinion, filed December 28, 2015 ("PCRA Opinion"), pp. 1-2.

Appellant filed timely *pro se* PCRA petitions on Docket No. 3224-2010 and Docket Nos. 5345-2009 and 5350-2009 on October 17, 2013 and January 15, 2015, respectively.[7] The PCRA court held a consolidated hearing for all dockets on July 7, 2015. On December 28, 2015, the PCRA court denied Appellant's PCRA petitions.[8] Appellant filed a timely notice of appeal on January 14, 2016.[9]

Appellant raises the following issues for review:

A. Whether the [PCRA] court erred in denying [Appellant's] amended PCRA [petition] when trial counsel was ineffective by failing to properly litigate that [Appellant] was not arraigned and that the charges docketed at No. 3224 of 2010 were never properly initiated?

B. Whether the [PCRA] court erred in denying [Appellant's] amended PCRA [petition] when counsel was ineffective by

---

[7] Appointed PCRA counsel filed amended petitions on Docket No. 3224-2010 and Docket Nos. 5345-2009 and 5350-2009 on November 21, 2014 and April 17, 2015, respectively.

[8] The PCRA court filed a second order on January 6, 2016 that merely corrected a filing technicality.

[9] The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. On January 14, 2016, the PCRA court adopted its December 28, 2014 PCRA Opinion as its Pa.R.A.P. 1925(a) opinion.

advising him that such waiver would result in him receiving a lenient sentence?

C. Whether the [PCRA] court erred in denying [Appellant's] amended [sic] PCRA [petition] when trial counsel was ineffective by failing to advise [Appellant] that his version of events was incredible which statement induced [Appellant] to present false testimony that his actions were a response to the victim's assaultive behavior?

D. Whether the [PCRA] court erred in denying [Appellant's] amended PCRA [petition] when counsel failed to withdraw when there existed an actual conflict of interest between counsel and [Appellant] which was manifested by [Appellant] electing to represent himself on the charges docketed at No. 3224 of 2010?

Appellant's Brief, p. 4 (unnecessary capitalization removed).

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the

PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Pennsylvania courts apply the **Pierce**[10] test to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

**Commonwealth v. duPont**, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. **Commonwealth v. Meadows**, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the **Pierce** prongs, the Court need not address the remaining prongs of the test." **Commonwealth v. Fitzgerald**, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

---

[10] **Commonwealth v. Pierce**, 527 A.2d 973 (Pa.1987).

Appellant first alleges trial counsel provided ineffective assistance by failing to litigate the absence of a preliminary arraignment on Docket No. 3224 of 2010. *See* Appellant's Brief, pp. 12-15. This claim merits no relief.

Contrary to Appellant's claims, the record reveals Appellant was both preliminarily arraigned and served with an arrest warrant pursuant to Pa.R.Crim.P. 540 at the preliminary hearing. Despite this, trial counsel still litigated this claim at the January 4, 2011 pretrial hearing, at which time the trial court denied relief. Because Appellant's underlying claim lacks merit, Appellant's claim of ineffective assistance of counsel fails.[11] *See Commonwealth v. Koehler*, 36 A.3d 121, 144 (Pa.2012) ("[C]ounsel cannot be deemed ineffective for failing to pursue a meritless claim.").

Appellant next claims trial counsel provided ineffective assistance of counsel by improperly inducing and coercing Appellant to waive his right to a jury trial at Docket Nos. 5350-2009 and 5345-2009 by advising him that such waiver could result in a lenient sentence. *See* Appellant's Brief, pp. 16-17. This claim also fails.

Initially, Appellant's underlying claim that he was coerced to waive certain rights lacks merit. Prior to trial, the trial court conducted a colloquy with Appellant to make certain Appellant made a knowing, voluntary, and

---

[11] We further note Appellant cannot prove prejudice, even if the errors he complained of occurred. Neither his PCRA petition, nor his brief to this Court, allege that he suffered any loss of rights or was uninformed as to the nature of the charges or alleged facts he was facing.

intelligent waiver of his right to counsel. *See* N.T. 1/4/2011, pp. 59-63; N.T. 1/5/2011, pp. 4-17. The trial court reviewed Appellant's right to counsel, the crimes and possible maximum punishments Appellant faced, and answered Appellant's questions. *See* N.T. 1/5/2011, pp. 4-17.[12] The trial court further reviewed Appellant's written waiver of counsel. *Id.* at 16-17. Further, at the PCRA hearing, Appellant admitted he signed the waiver of his right to a jury trial, that he understood the waiver, and that he would not have lied to the trial court regarding that waiver. *See* N.T. 7/7/2015, p. 48.

Further, at the PCRA hearing, trial counsel testified that, based on the technical defense[13] to be proffered at trial, he advised Appellant that a bench trial, opposed to a jury trial, may benefit Appellant's case. *See* N.T. 7/7/2015, pp. 20-24. This advice represents a reasonable strategic decision taken by trial counsel.

Additionally, no reasonable probability of a different outcome exists based on Appellant's waiver of a jury trial. The fact that Appellant struck the

_____

[12] The trial court also appointed Appellant's defense counsel as stand-by trial counsel for Appellant. *See* N.T. 1/5/2011, pp. 5-6.

[13] Appellant's version of events in this matter was that he injured the victim while on a binge of crack cocaine use, but that he did not mean to injure the victim. *See* N.T. 7/7/2015, p. 21. Counsel felt that the court would be better equipped than a jury to process the subtle differences between arguing a lack of *mens rea* while Appellant was intoxicated by cocaine as opposed to a negation of *mens rea* by the use of cocaine, which cannot negate specific intent in non-homicide crimes in Pennsylvania. ***See id.***

victim with a baseball bat was never in contention. Appellant himself explained that he "never really claimed to be – to be innocent of attacking [his] girlfriend." N.T. 7/7/2015, p. 41. Instead, Appellant's tactics were designed to get him a lesser sentence upon conviction. *Id.* at 41-42. Accordingly, the trial verdict would have been guilty whether delivered by a judge or a jury.

Thirdly, Appellant claims trial counsel provided ineffective assistance of counsel by advising Appellant that his version of events was patently incredible. *See* Appellant's Brief, pp. 17-18. This claim too merits no relief.

Trial counsel testified at the PCRA hearing that he never advised Appellant that his story was incredible. *See* N.T. 7/7/2015, p. 21. Trial counsel testified that he explained to Appellant that they could not argue that his cocaine use negated his *mens rea*, but instead would have to argue that he simply did not intend to hurt the victim. *Id.* at 21-22. Again, this advice explained counsel's reasonable, strategic basis for pursuing the advised defense of lack of *mens rea*. Further, contrary to Appellant's claim that counsel advised him to perjure himself, counsel expressly testified that he did not tell Appellant to lie. *Id.* at 30. The PCRA court viewed counsel's testimony as credible. The PCRA court did not err in finding Appellant's ineffective assistance of counsel claim lacked merit.

Finally, Appellant claims trial counsel provided ineffective assistance by failing to withdraw when irreconcilable differences arose between he and Appellant. *See* Appellant's Brief, pp. 18-21. This claim also fails.

We observe:

"[S]ubstantial reasons" or "irreconcilable differences" warranting appointment of new counsel are not established where the defendant merely alleges a strained relationship with counsel, where there is a difference of opinion in trial strategy, where the defendant lacks confidence in counsel's ability, or where there is brevity of pretrial communications.

*Commonwealth v. Floyd*, 937 A.2d 494, 497 (Pa.Super.2007) (citing

*Commonwealth v. Grazier,* 570 A.2d 1054, 1055-56 (Pa.Super.1990)).

Simply stated, the attorney-client relationship in the instant matter, while strained, does not rise to the level of irreconcilable differences that would have required counsel to remove himself from representation. As the PCRA court noted:

There is no question that [Appellant] and [t]rial [c]ounsel did not have an ideal attorney-client relationship. At one point, their relationship deteriorated to the point that they did not speak much[,] and [Appellant] chose to represent himself. After that [first] trial, in which he was convicted on all charges, [t]rial [c]ounsel took it upon himself to contact [Appellant] to reconsider him as an attorney. From there, [t]rial [c]ounsel was able to obtain a dismissal of the convenience store robbery charges, which impressed [Appellant] to the point that he agreed to have [t]rial [c]ounsel represent him in the non-jury trial. Further, [t]rial [c]ounsel testified that it is not unusual for there to be cycles of good and bad periods throughout a typical attorney-client relationship. After considering this, it is clear that the relationship between [t]rial [c]ounsel and [Appellant] does not rise to the level of irreconcilable differences warranting withdraw of counsel.

PCRA Opinion, p. 8. This was not error.

The PCRA court's determination is supported by the record and free of legal error. Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2016