J-S44010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH AUSTIN, | |
| Appellant | No. 314 EDA 2016 |

Appeal from the Judgment of Sentence Entered January 15, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003166-2014

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:           **FILED NOVEMBER 14, 2017**

Appellant, Joseph Austin, appeals from the judgment of sentence of 25 to 50 years' incarceration, imposed after he was convicted, following a non-jury trial, of burglary, criminal trespass, terroristic threats, and simple assault.  On appeal, Appellant seeks to challenge the sufficiency of the evidence to sustain his burglary conviction, and the legality of a mandatory minimum sentence imposed in his case.  Additionally, his counsel, Lauren Baraldi, Esq., seeks to withdraw her representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Attorney Baraldi summarizes the facts of Appellant's case in her **Anders** brief, as follows:

> In February of 2014[,] Patrice Simmons was living with her children[,] Dshone Simmons [and] Mikell Simmons[,] in a one bedroom apartment … in Philadelphia.  Ms. Simmons was in a relationship with [Appellant], whom she knew as Yusuf.  [Appellant] did not live at that location, nor was he a signatory on the lease[,] but [he] was permitted to stay overnight a few nights a week.  At various points in their relationship[, Appellant] did have a key to the apartment.  On February 26, 2014[,] after an alleged verbal argument[,] Ms. Simmons told [Appellant] he was no longer welcome at the apartment.  Both Patrice Simmons and Dshone Simmons testified that on that date, upon Ms. Simmons['] direction, Dshone confronted [Appellant] and had the apartment key returned.  In the early morning hours of February 27[], 2014, [Appellant] allegedly kicked the door to the apartment[,] splintering the wood[,] and the door frame tore away from the sheetrock.  It was alleged that [Appellant] was agitated and yelling.  Both Patrice and Dshone Simmons testified that after entering the apartment, [Appellant] struck Patrice Simmons.  Ms. Simmons also testified that [Appellant] whispered[,] "I have a gun outside, I came here to kill you."

***Anders*** Brief at 3-4 (citations to the record omitted).  Ultimately, Appellant fell asleep on Ms. Simmons' bed, and she was able to escape the apartment with her children and call the police.  ***See*** Commonwealth's Brief at 2-3 (citations to the record omitted).  Within twenty minutes of that call, Appellant was arrested.  ***Id.*** at 3.

On November 12, 2015, Appellant was convicted, following a non-jury trial, of the above-stated offenses.  After the preparation of a presentence report and a psychological examination, Appellant proceeded to a sentencing hearing on January 15, 2016.  At the close thereof, he was sentenced to a mandatory term of 25 to 50 years' incarceration for his burglary conviction, pursuant to 42 Pa.C.S. § 9714(a)(2) (requiring a mandatory minimum sentence of 25 years' imprisonment where the defendant is convicted of a

crime of violence, and he was previously convicted of two or more such crimes arising from separate criminal episodes). His conviction of criminal trespass merged for sentencing purposes, and he received no further penalty for his convictions of terroristic threats and simple assault.

Appellant filed a timely notice of appeal. The trial court then ordered him to file a Pa.R.A.P. 1925(b) statement. His counsel responded by filing a Rule 1925(c)(4) statement, indicating her intent to withdraw from representing Appellant. On November 14, 2016, Attorney Baraldi filed with this Court a petition to withdraw as counsel and an **Anders** brief. In her brief, counsel addresses two issues Appellant seeks to raise on appeal - a challenge to the sufficiency of the evidence to sustain his burglary conviction, and a challenge to the legality of the mandatory minimum sentence imposed in his case.

On December 8, 2016, this Court issued a *per curiam* order directing Attorney Baraldi to file "a letter addressed to Appellant advising him of his ***immediate*** right to proceed *pro se* or with privately retained counsel…." Per Curiam Order, 12/8/16 (emphasis added). Attorney Baraldi timely complied with that order. Appellant thereafter filed a *pro se* response to Attorney Baraldi's petition to withdraw, raising two additional claims. First, Appellant contends that the trial court erred by denying his pre-sentence request for new, court-appointed counsel. Second, Appellant argues that his trial counsel acted ineffectively by failing to present certain evidence at trial.

Before reviewing the merits of Appellant's claims, we must first evaluate Attorney Baraldi's petition to withdraw. *See Commonwealth v. Goodwin,* 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied,* 594 Pa. 704, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Baraldi's **Anders** brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's sentencing claim, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Baraldi has also supplied Appellant with a copy of her **Anders** brief, and she sent him a letter informing him of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

Appellant first seeks to challenge the sufficiency of the evidence to sustain his burglary conviction.

> In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn from that evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to enable the fact finder to conclude that the Commonwealth established all of the elements of the offense beyond a reasonable doubt. The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Further, the trier of fact is free to believe all, part, or none of the evidence.

**Commonwealth v. Taylor**, 137 A.3d 611, 614 (Pa. Super. 2016) (citation omitted).

- 5 -

"[A] person commits the offense of burglary if, with the intent to commit a crime therein, the person … enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodation in which at the time of the offense any person is present[.]" 18 Pa.C.S. § 3502(a)(1)(ii). Here, Appellant contends that the Commonwealth failed to present any evidence to prove that Ms. Simmons' "apartment was sufficient for overnight accommodations." **Anders** Brief at 6. Appellant further maintains that the Commonwealth did not demonstrate that he had the intent to commit a crime inside the apartment at the time he entered it. **Id.** at 6-7. Finally, Appellant argues "that he was privileged to enter the apartment because Patrice Simmons had previously furnished him with a key which gave him unfettered access to the premises[,]" and because "he stayed at the apartment multiple times during the week…." **Id.** at 7.

We agree with Attorney Baraldi that Appellant's sufficiency arguments are frivolous. First, "[t]o determine whether a structure is adapted for overnight accommodation, a court considers 'the nature of the structure itself and its intended use, and not whether the structure is in fact inhabited." **Commonwealth v. Rivera**, 983 A.2d 767, 779 (Pa. Super. 2009) (citation omitted). Here, Ms. Simmons was asked on direct-examination to describe how her apartment was "structured[,]" to which she replied:

> [Ms. Simmons]: It's an apartment building. It has about four apartments, two on the second floor and two on the third floor. It's a private entry. The apartment building is secured by a heavy metal door at street level, and then inside … you have your own private entrance to your apartment.

N.T. Trial, 11/12/15, at 9. Regarding the layout of her specific apartment, Ms. Simmons testified:

> [Ms. Simmons]: It was a one-bedroom apartment, very, very small. So when you walk in, it would be a wall to the left and the bathroom would be straight in front of you. Directly next to the bathroom would be a small kitchen and then you had one room.
>
> …
>
> It was the living area, as well as a bedroom. It had a room divider in the middle to section off into bedrooms.

*Id.* at 9-10.

We conclude that Ms. Simmons' testimony was sufficient to demonstrate that her apartment was structured for use as an overnight accommodation. Notably, the apartment contained a bathroom, kitchen, and bedroom. Additionally, the apartment was in a building containing three other apartments. The building had a street-level entrance, and Ms. Simmons' apartment also had a private, individual entrance that was clearly able to be locked, as Appellant had to forcibly break down the door to gain access to the home. This evidence demonstrates that Ms. Simmons' apartment was designed to be a private, secure dwelling used for overnight accommodation.

Second, Appellant contends that the evidence was insufficient to demonstrate that he had the specific intent to commit a crime inside the

apartment at the time he entered it. In **Commonwealth v. Russell**, 460 A.2d 316 (Pa. Super. 1983), we declared that, "[i]n order to be convicted of burglary, the defendant must have formed the intent to commit a crime when he entered the victim's residence, not after he entered." **Id.** at 321.

In this case, the intent element of the burglary offense was sufficiently proven. In particular, Ms. Simmons testified that earlier on the night of the incident, Appellant had called her and "started making threats over the phone…." **Id.** at 13. Later that night, she awoke to her son's telling her that Appellant was trying to get into the apartment. **Id.** at 13. Ms. Simmons' heard Appellant "banging" and "kicking" the door, and she then heard the sound of "[w]ood splintering…." **Id.** at 14. Dshone Simmons also testified that he heard Appellant "knocking and banging at the door[,]" and "saying, 'Open the door. Open the door." **Id.** at 48. Dshone stated that he heard Appellant kick the door in, and Appellant was "yelling profanities towards [his] mom." **Id.** at 48-49. In light of this testimony, we agree with Attorney Baraldi that "[i]t was reasonable[,] given the totality of the circumstances[, to infer] that [Appellant] had intended to terrorize and threaten the occupants of the apartment because of the manner of entry." **Anders** Brief at 7; **see also Russell**, 460 A.2d at 321-22 (stating that the specific intent for burglary "may be established by the defendant's words or inferred from his conduct or from the attendant circumstances.") (citation omitted).

Third, Appellant avers that, because he had a key to Ms. Simmons' apartment and stayed there several nights a week, the Commonwealth failed to rebut his affirmative defense that he was licensed and/or privileged to enter the apartment. *See* 18 Pa.C.S. 3502(b)(3) ("It is a defense to prosecution for burglary if[,] … at the time of the commission of the offense[,] … [t]he actor is licensed or privileged to enter."). We disagree with Appellant's argument. Even if Appellant had ***previously*** been licensed or privileged to enter Ms. Simmons' apartment, the Commonwealth's evidence established that that permission had clearly been revoked prior to his entry on the night in question. Specifically, Ms. Simmons testified that the day before the incident, she had an argument with Appellant and informed him that she "did not want him there at [her] apartment anymore." *Id.* at 13. Later that night, Ms. Simmons instructed Dshone Simmons to get the apartment key from Appellant. *Id.* at 51. Accordingly, Dshone went to the store where Appellant was working and asked Appellant for the key. *Id.* While Appellant first refused to give Dshone the key, he eventually turned it over to Dshone. *Id.* at 51-52. This evidence was sufficient to prove that Appellant was not licensed or privileged to enter Ms. Simmons' apartment in the early morning hours on the day after he returned the key to her apartment, and she informed him that he was not welcome there anymore.

Having found no merit to Appellant's three claims regarding the sufficiency of the evidence to sustain his burglary conviction, we agree with Attorney Baraldi that Appellant's first issue is frivolous.

Next, Appellant seeks to argue that the court illegally imposed a mandatory sentence pursuant to 42 Pa.C.S. § 9714, because the Commonwealth failed to provide proper notice of the applicability of that provision, or prove that he had prior convictions triggering it.

We conclude that both of Appellant's arguments are frivolous. Prior to trial, Appellant completed a written waiver of his right to a jury trial, which explicitly stated that he would be subject to a 25-year mandatory minimum sentence if he was convicted of burglary. *See* Written Waiver Colloquy, 11/10/15, at ¶ 39. Appellant indicated he understood the potential applicability of that mandatory sentence by writing "yes" after that paragraph of the colloquy, and by signing his name at the end of the colloquy form. *See id.* Additionally, the day before the sentencing proceeding, the Commonwealth filed a "Sentencing Memorandum" again stating that Appellant faced the mandatory minimum term of 25 years' incarceration pursuant to 42 Pa.C.S. § 9714(a)(2). *See* Commonwealth's Sentencing Memorandum, 1/14/16, at 3. At the start of the sentencing hearing, defense counsel confirmed that he had received and reviewed that sentencing memorandum. N.T. Sentencing, 1/15/16, at 7. Based on this record, we conclude that Appellant had reasonable notice of the applicability of the mandatory sentence under 42 Pa.C.S. § 9714(a)(2).

We also conclude that the Commonwealth presented sufficient evidence to support the applicability of that mandatory-minimum sentencing provision. At the sentencing hearing, the Commonwealth detailed Appellant's two prior convictions which triggered the applicability of the 'third strike' provision of section 9714(a)(2). *Id.* at 8-9; 10-11. The Commonwealth also entered into evidence the sentencing memorandum that outlined Appellant's prior convictions. *Id.* at 10. Appellant did not challenge the accuracy of his criminal record; thus, the court did not schedule a hearing to admit further evidence regarding Appellant's prior convictions. *See* 42 Pa.C.S. § 9714(d) ("If the offender … contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender."). Thus, we conclude that the Commonwealth presented sufficient evidence to demonstrate the applicability of section 9714(a)(2), and Appellant's sentence under that provision is not illegal.

In sum, we agree with Attorney Baraldi that the two issues she addresses in her *Anders* brief are meritless. We now will examine the two claims Appellant raises in his *pro se* response to counsel's petition to withdraw.

First, Appellant contends that the trial court erred by denying his pre-sentence motion for the appointment of new counsel. By way of background, Appellant was represented by David Santee, Esq., at trial and

at sentencing. Prior to the sentencing hearing, Appellant filed a *pro se* motion seeking, *inter alia*, a new court-appointed attorney. At the sentencing proceeding, the court addressed that motion, listening to Appellant's arguments that Attorney Santee had acted ineffectively at trial by not presenting certain evidence, and that counsel continued to act ineffectively by not presenting such evidence at the sentencing hearing. **See** N.T. Sentencing Hearing, 1/15/16, at 18-20; 26-29. Ultimately, the court denied Appellant's motion for a new attorney, concluding that Attorney Santee could seek to withdraw after sentencing, and after filing a notice of appeal on Appellant's behalf. **Id.** at 31-32.

Appellant now contends that the trial court erred in this decision. He claims that because of the court's decision, he "was denied counsel and thus [was] denied a fair trial and an opportunity to present mitigating evidence at the time of sentencing…." Appellant's Response to Petition to Withdraw, 3/13/17, at 2.

Initially, we note that:

"the right to appointed counsel does not include the right to counsel of the defendant's choice." **Commonwealth v. Albrecht**, 554 Pa. 31, 720 A.2d 693, 709 (1998). Moreover,

[w]hether to grant a defendant's petition to replace court appointed counsel is a decision which is left to the sound discretion of the trial court. As a general rule, however, a defendant must show irreconcilable differences between himself and his court appointed counsel before a trial court will be reversed for abuse of discretion in refusing to appoint new counsel.

- 12 -

> *Commonwealth v. Grazier,* 391 Pa. Super. 202, 570 A.2d 1054, 1055 (1990) (citations omitted). *See also* Pa.R.Crim.P. Rule 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons.").

*Commonwealth v. Floyd*, 937 A.2d 494, 497 (Pa. Super. 2007)

Here, we first point out that Appellant did not move for new counsel until *after* his trial; thus, he cannot now claim that the court's denial of that motion denied him a fair trial. Additionally, Appellant has not demonstrated that the court abused its discretion by refusing to remove Attorney Santee before Appellant's sentencing. Appellant's argument in support of his motion for new counsel focused primarily on asserting that Attorney Santee had acted ineffectively at trial. *See* N.T. Sentencing at 26-29. Appellant at no point identified what 'irreconcilable differences' existed between himself and Attorney Santee at the time of Appellant's sentencing, so as to warrant the appointment of new counsel. *See Grazier*, 570 A.2d at 1055.

Appellant also does not identify what mitigating evidence Attorney Santee failed to present at the sentencing hearing that would have resulted in a reduced sentencing. Indeed, the court imposed the most mitigated sentence it possibly could, as it was required to sentence Appellant to the mandatory term of 25 years' incarceration for his burglary offense, and the court did not impose any additional sentence for his remaining convictions. In light of this record, Appellant has failed to prove that the court abused its

discretion in denying his pre-sentence motion for the appointment of new counsel.

In Appellant's second *pro se* issue, he seemingly argues that Attorney Santee acted ineffectively at trial by not presenting certain evidence. **See** Appellant's "Application for Remand and New Counsel or Writ of *Habeas Corpus* or New Trial Pursuant to Pa.R.A.P. 123," 3/15/17 (attached to Appellant's "Answer to Application to Withdraw as Counsel" filed on March 15, 2017). In **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances, claims of ineffective assistance of counsel should be deferred until collateral review under the PCRA. **Holmes**, 79 A.3d at 576. The specific circumstances under which ineffectiveness claims may be addressed on direct appeal are not present in the instant case. **See id.** at 577-78 (holding that the trial court may address claim(s) of ineffectiveness where they are "both meritorious and apparent from the record so that immediate consideration and relief is warranted," or where the appellant's request for review of "prolix" ineffectiveness claims is "accompanied by a knowing, voluntary, and express waiver of PCRA review"). Accordingly, Appellant must wait until collateral review to assert his ineffective assistance of counsel claim.

In sum, we conclude that the issues raised in Attorney Baraldi's **Anders** brief, and in Appellant's *pro se* response thereto, are frivolous.

- 14 -

Additionally, our review of the record reveals no other non-frivolous issues that Appellant could raise herein. Therefore, we affirm his judgment of sentence and grant Attorney Baraldi's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2017